UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Kevin McNulty |
| v. | Crim. No. 20-555 |
| JOHN PERNA and THOMAS MANZO | 18 U.S.C. §§ 1959(a)(3), (a)(6) 18 U.S.C. § 1349 18 U.S.C. § 1519 18 U.S.C. § 2 |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**COUNT ONE**
(Violent Crime in Aid of Racketeering Activity
Assault with a Dangerous Weapon)

**The Racketeering Enterprise**

At all times relevant to this Indictment:

1. Defendant JOHN PERNA was a member of a criminal organization referred to as the Lucchese Crime Family that operated in New Jersey, New York, and elsewhere. Accomplice-1 was an associate of the Lucchese Crime Family. Defendant THOMAS MANZO was an associate of defendant JOHN PERNA.

2. The Lucchese Crime Family was part of a nationwide criminal organization known by various names, such as "the Mafia," "La Cosa Nostra," and "the MOB," which operated through entities known as "families." The Lucchese Crime Family, including its leadership, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that

engaged in, and the activities of which affected interstate and foreign commerce. The Lucchese Crime Family (the "Enterprise") constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3.  The Lucchese Crime Family operated through groups of individuals, headed by persons called "captains" or "capos," who control "crews" that consist of "made" members who, in turn, control subordinates, who are known as "associates" of the Enterprise. "Made" members are elevated to their position through induction ceremonies in which they pledge fealty, or allegiance, to the Enterprise for life. The "made" members often referred to themselves as "amica nostra," "friends of ours," or "wise guys." Capos approve all significant actions taken by made members and associates on behalf of the Enterprise. In return, a Capo typically received a share of the illegal earnings of each crew, referred to as "tribute." Otherwise, a "made" member controls the day to day criminal activities of his own crew, and enjoys the benefits of their criminal activities.

4.  Defendant JOHN PERNA was a "made" member of the Lucchese Crime Family and had a crew. Accomplice-1 was an associate of the Lucchese Crime Family and was a part of defendant JOHN PERNA's crew. As an associate, Accomplice-1 was expected to carry out the orders of defendant JOHN PERNA to commit criminal acts, including drug distribution, aggravated assault, arson and wire fraud.

5. The Lucchese Crime Family, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1) namely:

   a. multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communication facility to violate the Controlled Substances Act);

   b. multiple acts indictable under Title 18, United States Code, Sections 1341 and 1343 (Mail and Wire Fraud);

   c. multiple acts indictable under Title 18, United States Code, Sections 892 (Extortionate Extensions of Credit) and 894 (Extortionate Collection of Extensions of Credit); and

   d. multiple acts indictable under Title 18, United States Code, Section 1084 (Gambling).

### Purposes of the Enterprise

6. The purposes of the Enterprise included, but were not limited to, the following:

    a. Enriching the members and associates of the Enterprise through criminal activity, including, among others, crimes of violence, including aggravated assault with a deadly weapon, drug trafficking, wire and mail fraud, making and collecting extortionate extensions of credit and gambling;

    b. Promoting and enhancing the prestige, reputation, and position of the Enterprise with respect to rival criminal organizations;

    c. Preserving and protecting the power, reputation, territory, and criminal ventures of the Enterprise, through the use of acts in violation of the laws of the United States and the State of New Jersey; and

    d. Concealing the activities of the Enterprise from law enforcement.

**Violent Crime in Aid of Racketeering Activity**

7. Defendant THOMAS MANZO was a co-owner of a restaurant and wedding venue (the "Venue") in Passaic County at which defendant JOHN PERNA was scheduled to hold a wedding reception on August 16, 2015 (the "Reception"). Many of the guests invited to the Reception were members of the Lucchese Crime Family.

8. Defendant THOMAS MANZO, upset that Victim-1 had an ongoing relationship with his former wife, planned to have a violent assault committed on Victim-1 that would leave a permanent facial scar.

9. In or about early 2015, defendant THOMAS MANZO, knowing of defendant JOHN PERNA's membership in the Enterprise, and intending that

4

defendant JOHN PERNA would use that membership in furtherance of his request, offered to hold the Reception for free or at a deeply discounted price if defendant JOHN PERNA would commit or cause to be committed a violent assault on Victim-1.

10. Defendant JOHN PERNA accepted defendant THOMAS MANZO's offer, and subsequently directed Accomplice-1 to commit the violent assault on Victim-1. Accomplice-1 agreed to commit the assault because, as an associate of the Enterprise, he was expected to comply with defendant JOHN PERNA's commands and because he intended to maintain and enhance his position with the Enterprise as a result.

11. In order to aid and assist in the commission of the violent assault, defendant THOMAS MANZO provided defendant JOHN PERNA and Accomplice-1 with personal information about Victim-1 to enable them locate Victim-1's residence, business addresses and vehicle so that they could assault him.

12. On or about July 18, 2015, based upon information provided by defendant THOMAS MANZO, defendant JOHN PERNA and Accomplice-1 located Victim-1 and his vehicle and eventually followed Victim-1 to a strip mall in Passaic County, New Jersey. At the strip mall, defendant JOHN PERNA and Accomplice-1 attacked Victim-1 in the parking lot. Defendant JOHN PERNA used a dangerous weapon, namely a slap jack, with the intent to inflict serious permanent injury on Victim-1.

13. In return for the commission of the violent assault on Victim-1, defendant THOMAS MANZO fulfilled his agreement to hold the Reception at a free or discounted price.

14. From at least as early as in or about January 2015 through at least on or about August 31, 2015, in Passaic County, in the District of New Jersey, and elsewhere, the defendants,

**JOHN PERNA and
THOMAS MANZO,**

together with Accomplice -1 and others, known and unknown, aiding and abetting each other, for the purpose of maintaining and increasing position in the Lucchese Crime Family, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Victim-1 with a dangerous weapon, contrary to N.J.S.A 2C:12-1(b)(2).

In violation of Title 18, United States Code, Section 1959(a) (3) and Title 18, United States Code, Section 2.

## COUNT TWO
(Conspiracy to Commit an Assault with a Dangerous Weapon and an Assault Resulting in Serious Bodily Injury)

1. The allegations set forth in Paragraph 1 through 13 of Count One of this Indictment are hereby realleged as if fully set forth herein.

2. From at least in or about January 2015 through in or about August 31, 2015, in Passaic County, in the District of New Jersey, and elsewhere, the defendants,

**JOHN PERNA and
THOMAS MANZO,**

together with Accomplice -1 and others known and unknown, for the purpose of maintaining and increasing position in the Lucchese Crime Family, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to (1) assault Victim-1 with a dangerous weapon, contrary to N.J.S.A 2C:12-1(b)(2) and (2) assault Victim-1 resulting in serious bodily injury contrary to N.J.S.A 2C:12-1(b)(1); all contrary to N.J.S.A 2C:5-2.

In violation of Title 18, United States Code, Section 1959(a)(6).

## COUNT THREE
(Conspiracy to Commit Wire and Mail Fraud)

1. The allegations set forth in Paragraph 1 of Count One of this Indictment are hereby realleged as if fully set forth herein.

2. In January 2016, defendant JOHN PERNA owned a 2006 Mercedes Benz automobile which was insured by Victim-2, a provider of automobile insurance headquartered in Montgomeryville, Pennsylvania.

3. From at least on or about January 2, 2016 through at least on or about February 17, 2016, in Essex and Passaic Counties, in the District of New Jersey, and elsewhere, the defendant,

**JOHN PERNA,**

did knowingly and intentionally conspire and agree with Accomplice -1 and others, known and unknown, to devise a scheme and artifice to defraud Victim-2, and to obtain money and property from Victim-2 by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, (i) to cause to be placed in a post office and authorized depository for mail, and cause to be delivered in accordance with directions thereon, certain mail matter, to be sent and delivered by the United States Postal Service and authorized mail carrier, contrary to Title 18, United States Code, Section 1341, and (ii) to transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, and sounds, namely, among others, false claim forms and insurance proceeds in the amount of $17,816, contrary to Title 18, United States Code, Section 1343.

## Object of the Conspiracy

4. It was the object of the conspiracy for defendant JOHN PERNA to cause Victim-2 to pay an insurance claim in the amount of approximately $17,816 by falsely reporting that defendant JOHN PERNA's 2006 Mercedes Benz had been stolen and destroyed.

## Manner and Means

5. It was part of the conspiracy that, on or about January 2, 2016, defendant JOHN PERNA directed Accomplice-1 to take his Mercedes Benz and destroy it.

6. It was further part of the conspiracy that, on or about January 2, 2016, Accomplice-1 drove the Mercedes Benz to Newark, New Jersey, whereupon Accomplice-1 set the Mercedes Benz on fire.

7. It was further part of the conspiracy that, on or about January 3, 2016, defendant JOHN PERNA falsely reported to the Clifton Police Department that his Mercedes Benz had been stolen from the vicinity of his residence.

8. It was further part of the conspiracy that, on or about January 4, 2016, defendant JOHN PERNA submitted a false theft affidavit claim form to Victim-2 that his Mercedes Benz had been stolen and destroyed.

9. It was further part of the conspiracy that, on or about January 4, 2016, Victim-2 accepted defendant JOHN PERNA's false claim that his vehicle had been stolen.

10. It was a further part of the conspiracy that, on or about February 17, 2016, in reliance on this false claim, Victim-2 compensated defendant JOHN PERNA by paying off the outstanding loan on the Mercedes Benz, in the amount of $17,816 from its account in Delaware to an account of a financial institution in North Carolina.

In violation of Title 18, United States Code, Section 1349.

## COUNT FOUR

(Falsifying and Concealing Records Related to a Federal Investigation)

1. The allegations set forth in Paragraphs 1 through 13 in Count One are hereby realleged as if fully set forth herein.

2. On or about August 15, 2019, in Passaic and Essex Counties, in the District of New Jersey and elsewhere, the defendant,

**THOMAS MANZO,**

did knowingly alter, conceal, cover up, falsify, and make false entries in a record, document, and tangible object, namely the certification of an invoice, and the invoice pertaining to the wedding reception of defendant JOHN PERNA, and did fail to provide records to investigators in response to a Grand Jury subpoena served on the Venue on or about August 2, 2019 and thereafter, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation.

In violation of Title 18, United States Code, Section 1519 and Title 18, United States Code, Section 2.

A TRUE BILL

_____
CRAIG CARPENITO
United States Attorney

<mark>

CASE NUMBER: 20-555 (KM)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

**JOHN PERNA**
**THOMAS MANZO**

# INDICTMENT
**18 U.S.C. SECTIONS 1959(b)(2) & (6)**
**18 U.S.C. SECTIONS 1343, 1519, and 2**

CRAIG CARPENITO
UNITED STATES ATTORNEY,
NEWARK, NEW JERSEY

V. GRADY O'MALLEY
*SENIOR LITIGATION COUNSEL*
KENDAL RANDOLPH (SAUSA)
NEWARK, NEW JERSEY
973-645-2725

FOREPERSON